In the US District Court for the District of Oregon

FILED 2 DEC '19 11:17 USDC-ORP

Benjamin Barber
and
Jay cob Patrick Holten
and
Jay David Leatherwood

vs

Pat Garrett

| Case no | 3:19-cv-01967-JR |

Class Action Writ of Habeas Corpus
28 USC §1651 ; 28 USC §2254

verified under penalty of perjury

## Convictions on Review

1  all convictions of ORS 163.472 in the State of Oregon

2  16CR46339 State v. Barber in the circuit Court of Oregon for washington County by Jury trial on November 9th 2016 by Judge Beth Roberts with a term of 5 years of ORS 163.472

3  State v. Leatherwood 16CR50631 in the circuit Court of Oregon for washington County on October 26 2016 by Judge Erwin with a term of 3 years on a plea of guilty of ORS 163.472

4  State v. Holten 18CR44240 in the circuit Court of Oregon for washington county on July 18th 2018 by Judge Hunnsaker sentenced to 2 years on a plea of guilty of ORS 163.472

## Previous Petitions

Barber, et al vs Pat Garrett 18CV1870-AC (removal of state PCR)

Barber, et al vs Pat Garrett 18CV?063-AC 28 USC §2254

Barber vs Pat Garrett 18CV???-MC 28 USC §2254

Barber vs Vance, et al 18CV02105-AC 42 USC §1983

PAGE 1

## Exhaustion

Benjamin Barber and Jay David Leatherwood vs Pat Garrett Case no 18CV 21272 washington County circuit court dismissed

Benjamin Barber and Jaycob Patrick Holten vs Pat Garrett Case no 18CV 30577 washington County circuit court dismissed

Benjamin Barber and Jaycob Patrick Holten and Jay David Leatherwood vs Pat Garrett appeal from 18CV 21272, 18CV 30577 CoA A168163 (control) affirmed without opinion, petition for review denied S066974 oregon supreme Court

Benjamin Barber and Jaycob Patrick Holten and Jay David Leatherwood vs Pat Garrett original Habeas Corpus oregon supreme Court Case no S066037

Benjamin Barber vs Pat Garrett original Habeas Corpus oregon Supreme Court Case no ????

Benjamin Barber, Jay David Leatherwood vs Pat Garrett Case no 18CV 14984 washington County circuit court dismissed

Benjamin Barber vs Pat Garrett Case no 17CV 44670 washington County circuit court, dismissed on Appeal A167498 judgement set aside Nov 9th 2018 and appeal mooted, still not beyond pleading stage due to delay by state court. Amended petition and motion for summary judgement were disregarded and stale motion to dismiss denied on 9/20/19, court ordered appointment of counsel and starting over.

## Exhausted issues raised to Highest Court

1. Ineffective assistance of Counsel

2. unconstitutional statute / vague statute

3. Improper jurisdiction / venue

4. unknowing and unintelligent plea

5. The indictment was vague and insufficient

6. Failure of prosecution to turn over evidence

7. perjury in the probable cause affadivit

8. incorrect jury instructions / vague jury instructions

9. affirmative defense included in the statute

10. Consent of victim by contract and by actions

## Ineffective state Court Process

Pursuant to 28 USC § 2254 (b)(2)(B)(ii) petitioner asks
the court to find that the state court process is
ineffective to protect the rights of the petitioners:

1. 17CV44670 has not moved past the pleading stage
in 2 years, the dismissal in 2018 was frivilous, and the
state is delaying to try to moot the Controversy in Nov 2020

The petitioner had filed an Amended Complaint on Jun 12th 2019 and a motion for Summary judgement alleging that the petitioner was entitled to relief as a matter of law, because ORS163.472 is unconstitutional on Aug 13th 2019, State filed motion to dismiss on Aug 13th 2019 identical to the motion to dismiss that the Apellate Commissioner suggested be set aside, stating that petioner did not attach evidence to the original petition. State failed to answer the motion for Summary judgement, so on september 5th 2019 the petitioner filed a motion for default, and on October 20th 2019 the Court denied the States motion to dismiss, told petitioner that appointment of Counsel was compulsory and the Court would start over and not Consider the Amended petition or the motion for Summary judgement, and set the next hearing to 20th of feburary of 2019.

Given that the sentense will be over in November 30th 2020, that leaves 9 months from the next hearing to the end of the sentence. It took 60 days from petitioners Amended Complaint to get a response from the State, 70 days for a hearing on that motion, this would leave 4 months for the opposing motions for Summary judgement and trial

Given that the circuit Court has routinely denied to assess the constitutionality of the statute in numerous petitions and probation violation hearings, and chose not to address it this time, in addition to multiple petitions to the oregon supreme court and the oregon court of Appeals, there is little to no likely hood that the state courts will review it.

on one occasion the Circuit Court judge Menchaca responded to the assertion of first Amendment preemption with a response that it doesn't matter because petitioner had embarrassed a woman. Hon Roberts said that Copy right preemption does not matter because despite the victim stating she sent Copy right DMCA takedowns to petitioner, that there was no evidence the images were Copyrighted (rather than registered, which they also were by petitioner). The judge in charge of the post conviction, at trial refused to issue a decision on the motion to demur that he heard.

Now one could imagine an elected judge that invalidates a criminal statute commonly referred to as "revenge porn" and opening up liability to suit, may not face strong election chances in a state that is ran by feminists, according to the governor herself. Despite the fact that both Holten's and Barber's victim admitted to having agreed to the commercialization of the porn and then later changing their minds, with Barber's victim blackmailing him with the same pornography as admitted on the record.

On the other hand the judges Hunnsaker, Roberts, Erwin, Butterfield, and Menchaca could simply be so inept that they do not recognize when a statute plainly violates the first Amendment. However my favorite theory is that they are ideological adherents to "social justice", and like the jacobins or spanish inquisition, or dictatorship of the proletariat, the perfect society can only be realized if individual rights are subordinated for the greater good, ie the ends justify the means.

## Exclusive Jurisdiction

The District Court has exclusive subject matter jurisdiction pursuant to 28 USC §1338 (a), because three claims require interpretation of the Copyright:

(1) is ORS 163.472 preempted by 17 USC §201(e), 301(a)?

(2) is the victims assertion of an oral agreement preempted by 17 USC §204(a), and require that it be in writing?

(3) is the victims DMCA 17 USC §512 Claim purjered, and if so is it alone sufficient notice she "does not Consent" given her other previous affirmations and acts?.

"In Summary, the T.B. Harms test requires the District Court to exercise jurisdiction if (1) the Complaint asks for a remedy expressly granted by the Copyright act; (2) the Complaint requires an interpretation of the Copyright act; or (3) federal principals should Control the claim"

JustMed v. Byce 600 F.3d 1118, 1124 (9th Cir)

At trial Court Barber sought a removal of the Criminal Case to the US District Court, and raised many issues regarding the Copyright act. The trial Court was not willing to entertain these issues nor was the petitioners Counsel. Moreover removal of the criminal trial as well as the post Conviction relief instate Courts is proper, because Congress has repeatedly objected to state interpretation of Copyright

"Congress passed 28 USC §1454 in response to the
Supreme Court's decision in Holmes Group Inc v.
Vornado Air Circulation Sys. 535 U.S. 826 (2002) which
held that a defendants counter claim under the
Copyright act Could not serve as the basis of
federal jurisdiction see Andrews v. Daughtry 944
F. Supp 2d 728, 731-732 (M.D. N.C. 2014) ("This
articulated in Holmes Group means that state
Courts Could end up adjudicating a Significant
amount of patent claims") in response Congress
passed the so called "Holmes Group fix" included
in the Leahy-Smith Invents Act (citing Joe Matal,
A guide to the legislative history of the America
Invents Act Part II of II Fed cir BJ 539 (2017)
Sleppin v. Thinkscan. Com LLC 55 F.Supp 3d 366, 377
(E.D.N.Y. 2014). Thus pursuant to Section 1454 (a)
"the assertion of a Copy right claim by either
plaintiff or defendant may serve as the basis
for removal" Concordia Partners LLC WL 406253 at 1"
Hanson v. Randal 4:18-CV-0425 (W.D. AR.) (2018)

The motion to remove to federal Court alleged that
ORS 163.472 is Completely preempted by the Copyright
act. 17 USC §301 (a) see eg Voltage Pictures LLC v. Doe
Civ no 6:14-CV-812-MC (D.OR.) (Jun 20 2014) (citing
Laws v. Sony Music Entertainment Inc 448 F.3d 1134,
1146; Rociszewski v. Arete Associates Inc 1 F.3d 225
, 232-233)

"complete preemption is a limited doctorine that applies only where a federal statutory Scheme is so comprehensive that it entirely supplants state causes of action"

See also Dennis v. Hart 724 F.3d 1249, 1254

"Complete preemption is really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the Scope of federal law to be so broad as to entirely replace any state law claim"

Thus ORS 163.472 is merely an artfully plead Copyright claim, if preempted by 17 USC §301 (a), and exclusive jurisdiction in the district court is given because the claim is actually one arising under the Copyright act.

Exhaustion is not jurisdictional

"Treating §2253 (c)(3) as jurisdictional would thwart Congresses intent in the AEDPA "to eliminate delays in the Habeas review process" Holland v. Florida 560 US 631, 648 "
Gonzales v. Thaler 565 US 134, 141

PAGE 8

In the past the Courts have ruled that Post Conviction delays can merit either removal pursuant to 28 USC §1443 because state Courts are ineefective, or a Habeas Corpus petition pursuant to 28 USC § 2254(b)(2)(B)(ii) see Elderbacher v. Calderon 160 F.3d, 582, 586-87; Phillips v. Vasquez 56 F.3d 1030, 1036 (citing Coe v. Thurman 922 F.2d 528, 530; Okot v. Callahan 988 F.2d 631, 633); Barker v. Wingo 407 US 514, 530 ((1) length of delay (2) reasons for delay (3) apellants assertion of right of timely review and appeal (4) prejudice) see also Roberts v. Lavallee 389 US 40 (repeated petitions are not neccessary to exhaust State remedies)

The "exhaustion in Habeas Corpus actions which is rooted in federal State Comity" Preiser v. Rodriguez 411 US 475, is not absolute, just as younger Abstention is not absolute. There is no Collateral bar to transparently invalid orders, or ones which have a defective jurisdictional base see In re establishment of Hern Iron works 881 F.2d 722, 727

see 3 wright, federal practice & Procedure sec 702 at 815 n.17 (1982)(collateral bar rule does not apply if the order violated was transparently unconstitutional) see also Labunski, the "collateral bar" rule and the first Amendment the Constitutionality of enforcing unconstitutional orders 37 Amer. L. Rev. 323 (1988); Rendleman, more on void orders 7 Ga. L. Rev. 246 (1973)

"Abstention under younger is required if (1) there are pending state judicial proceedings (2) the state proceedings implicate important state interests, and (3) the state proceedings provide adequate opportunity to raise federal questions" Polykoff v. Collins 816 F.2d 1326, 1332 (9th)

"Even if these requirements are met, abstention inappropriate if bad faith or harassment is present, or where a statute is flagrantly and patently violative of Constitutional prohibitions" Cebbos v. Judges of Superior Court of California, Santa Clara County 883 F.2d 810, 814 (9th)

A law with "No purpose ... than to chill the assertion of Constitutional rights by penalizing those who chose to exercise them ... [is] patently unconstitutional" United States v. Jackson 390 US 570, 581 (1968)

Content and viewpoint based speech restrictions are flagrantly unconstitutional See Kime v. United States 459 US 949, 954', See also Sorrell v. IMS Health Inc., 564 US 552, 571 ("in the ordinary case it is all but dispotive to conclude that a law is content based and in practice, viewpoint discriminatory") they are presumptively invalid, and the government bears the burden to rebut the presumption United States v. Playboy Entertainment Group Inc 529 US 803, 817, and new categories of un protected speech are allowed.

Likewise younger abstention does not apply to statutes completely preempted by the Copyright Act, which are "manifestly or palpably beyond the judges authority" Bud Antle Inc v. Barbosa 106 F.3d 406 (citing Bud Antle Inc v. Barbosa 45 F.3d 1273; Spalding v Vilas 161 US 483, 498) and also "where a claim of preemption is 'facially conclusive' or 'readily apparent', because no significant state interests are served" Chaulk Services Inc v. Massachusetts Commission Against Discrimination 70 F.3d 1370 ( collecting cases in apellate courts)

As the Supreme Court explains in Ex Parte Siebold 100 US 371, 376-7

"An Unconstitutional law is no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but it is illegal and void"

And Hopkins v Clemson Agricultural College of South Carolina 221 US 636

"A void law is neither a law or command, but a nullity, Conferring no authority and affording no protection or immunity from suit"

Moreover the Conviction adversly effects the first Amendment rights of the licensees of the intimate images, and such a prior restraint of speech, as occurs in this statute, requires immediate relief to remedy the irreperable injury to both plaintiff and third parties

"The first Amendment informs us that damage from a prior restraint -- even a prior restraint of the shortest duration -- is extraordinarily grave" Columbia Broadcasting Systems v. United States District Court for the Central District of California 729 F.2d 1174, 1175 (citing Elrod v. Burns 427 US 347, 373)

"we further hold that the issuance of a writ of mandamus is appropriate to prevent harm to first Amendment rights that would occur if review if review of the district Courts decision had to wait until final judgement is entered in this protracted litigation" In re Abestos School litigation 46 F.3d 1284, 1286

The order by the Circuit Court ordering the siezure and destruction of all copies of the images violates the copyright licenses and first Amendment rights of Companies such as Porn.com; Pornhub.com; Xhamster.com, Porntube.com; Redtube.com; TNAFlix.com; Thumbzilla.com, everysextube.com; Empflix.com. It also infringes on the rights of third parties to disseminate, and even view the pornography. Lastly the order prevents the defendant from Continuing to disseminate the images himself. See Brown v. Entertainment Merchants Association 464 US 786, 792 n.1 (noting that under the first Amendment, there is no distinction between "creating, distributing, or consuming speech")

PAGE 12

(Barbe)

Ground 1

ORS 163.472 is facially unconstitutional

facts in support

(a) It violates the First Amendment to the US Constitution
(b) It is a content and viewpoint based speech restriction
(c) It is a prior restraint or heckler's veto of speech
(d) It is an artfully plead Copyright claim
(e) It is completely preempted by the Copyright act 17USC§301
(f) It is expressly preempted by the Copyright act 17USC§201(e)
(g) It is expressly preempted by the CDA 47USC§230
(h) It violates Art.1 §8 cl3 of the US Constitution
(i) It violates Art.1 §8 cl8 of the US Constitution
(J) It violates Art.1 §10 cl1 of the US Constitution
(k) It violates Amendment 5 cl4 of the US Constitution
(L) It violates Amendment 14 §1 of the US Constitution
(m) the statute is vague, overbroad, underinclusive

Ground 2

The victim consented by contract, and by actions, to
the dissemination of any information whatsoever, and
to utilize arbitration in all disputes between them
(article 1 §10 cl1 of the US Constitution)

facts in support

victim signed a marital contract agreeing "to have
transparency and provide access to their social
interactions, including the ability to speak to members
of ones social groups", and afterward to have
"complete transparency" contrary to her assertion

PAGE 13

that there was an oral agreement that the videos would be "just between us", which is preempted by 17 USC §204 (a). Victim manifested intent to be bound when she was notified 30 hours after the images were made that they were being shared with strangers that we both sought group sex with by means of defendants FTP Server, and by her own sharing of the images on the internet with prospective sexual partners, and by her own sharing of the images on the internet and claims they depict rape with strangers who sought her out in regards to the defendants political notariety, for the purpose of extortion and disparagement, were put on the website 8chan where the victim commented.

Ground 3

The defendant is in an affirmative defense included in the statute for "images created originally for a Commercial purpose", and "disclosures that serve a lawful public interest" (due process Amendment 14)

facts in Support

There are emails between Commercial pornographers and defendant, the victim testified that when the videos were made we discussed making Commercial pornography, and "soon after changed our mind". Defendant is a limited public figure who victim shared the images with to people looking into him, and the victim is a public employee who describes the injury as one that protrays her as a bad employee (a school teacher)

## Ground 4

Perjury in the probable cause affadavit made
by the arresting officer to the Court (due process)

## facts in Support

Thomas Doenis swore that the defendant had
Committed the crime at the victims home at
8**** SW C**********###, Beaverton, OR 97225.
The perjury was used to usurp in personam
jurisdiction, and could have been used to
discredit the police report made 18 days after the fact.

## Ground 5

Lack of jurisdiction and venue of the trial Court

## facts in Support

No evidence was provided proving the acts occured
in Washington County, or Oregon; the arbitration
agreement precludes intellectual property disputes under
the federal arbitration act; the copyright act Completely
preempts ORS163.472 and questions of law involving
the copyright act are in the exclusive jurisdiction of
the US District Court, and defendant filed a notice
of removal to the US District Court, and the trial
Court erroneously proceeded anyways

## Ground 6

### failure of prosecution to turn over evidence (due process)

### facts in Support

(a) response to the search warrant to Detective Rookhuyzen indicates that Ip addresses would be included in subsequent emails, but the emails weren't included in discovery, and they would establish lack of jurisdiction

(b) Defendant sent a series of emails to the arresting officer after their phone conversation, regarding the evidence refuting the victims claims, and the prosecution did not turn them over

(c) In the lawsuit 16CV0210S-AC the deputy district attorney was named, and was served with a copy of the defendant and victims contract and that ORS163.472 was preempted by the Copyright act and defendants Counsel refused histrial strategy, the contract and copyright defense was not turned over

(d) The arresting officer said that there were no recordings of the defendants call to him via 911 dispatch, and his smartphone cant record calls, and where the report written 18 days later was erroneous or perjured, or ommitted facts that a trier of fact would want to know

(e) victims call to 911 dispatch was also not provided

(f) prosecution failed to disclose in demurrer, that the victims attorney's attachments to her memorandum states that ORS 163.472 is unconstitutional due to the attached viewpoint based restriction to the content restriction

PAGE 16

Ground 7

improper/vauge jury instructons (due process)

### facts in support

(a) The jury instructions did not use the exceptions in the statute ORS 163.472 (4)(f): (A), (B)

(b) The jury instructions for 'reasonable', did not include legal presumptions like due care, and other factors of negligence and Contributory negligence by the victim

(c) The jury instructions did not Contain the definition for consent; i.e. Consent by acquiescence, by act, or by intentional waiver of a Known right or privelege

(d) The jury instructions did not Contain the definition for "identifiable image"; the Deputy District Attorney alluded that it is substituted for recognizable eg. the picture is of the victim so it follows that it identifies her, since she identified herself here and you recognize her in it, you can identify her in it.

(e) the disjunctive allegation "the person knows or reasonably should have known" Conjoined with "beyond a reasonable doubt" shifts the mens rea element to negligence, and does not include the relevant neccesary factors of negligence such as duty to the victim, standard of care, or even reasonable belief that the victim had no control of the image that is not her intellectual property and was made with consent, and sufficiency of notice of the problem. eg defendant is not a mind reader and has no legal duty to ask for a license to use his own Copyrighted works.

(f) The jury instructions lacked an allegation that the crimes had occured in Washington County or the state of Oregon, which the state could not prove, because they had no evidence of it.

(g) The Indictment did not state where the crimes occured in, or

## Ground 8:

The indictment was vauge and insufficient (6th Amendment to the US Constitution; due process)

### facts in support

(a) The indictment did not sufficiently state the place, date, of the crime, nor did the subsequent police reports, but left them very vague.

(b) The indictment did not state how defendant knew or reasonably should have known" the victim did not consent, the police report stated the victim claims that there was an agreement that we would not share the images, but did not specify when.

(c) The indictment did not state why the defendants actions werent contained in the excéphons in the statute ORS 163.472 (4)(F)(A),(B), nor did the discovery mention anything regarding them

(d) The indictment and the police report did not list the specific injury, harassment, or humiliation caused by the disclosure, nor was it made clear that it was caused by the disclosure at trial but instead by the publicity of the trial since she had admitted that nobody she knew had seen it, and she merely anticipated a future injury, if someone had actually seen the images.

PAGE 18

Ground 9
Ineffective assistance of Counsel (6th Amendment)

facts In Support

(a) Barber filed a lawsuit 16 CV02105-AC (USDC) D.OR) and in the motice to remove stated that he did not feel his attorney wasn't representing him appropriately, the attorney should have informed him how to use a motion to instruct or replace Counsel instead, but informed him instead he would have to proceed pro-se.

(b) Barber informed Counsel before demurrer he Should utilize the defense that the Statute was preempted by 17 USC § 201 (e), 17 USC § 301 (a), 47 USC § 230, Article 1 § 8 cl3 of the US Constitution. Counsel stated he would not rely on "psuedolaw."

(c) trial Counsel did not fairly present his first Amendment issues; he ommitted that it was not only a Content based Speech restriction but a viewpoint based restriction despite victim's Counsels memorandum attachment filed in demurrer explicitly stating that this opened the law up to first Amendment attack, and he cited Reno v. ACLU decision but neglected to use the "Heckler's veto" doctorine, and failed to use the "prior restraint of speech" doctorine

(d) Barber informed Counsel he wanted to use the defense that the victim had Consented by both a Contractual agreement and by her Conduct (see also ground 2 for details) but he refused to present the defense despite the fact it was exactly what he told the officer

Moreover he refused to produce the emails that the petitioner had sent to the officer, or the evidence attached to the emails, which would discredit the victims allegation, and the accuracy of the officers report made 18 days after the phone call he reported.

(e) Counsel failed to adequately present the defense that the petitioner's upload activity was a direct cause of the server becoming shut off because it was unpaid, rather than the remote cause of Barbers financial circumstances caused in part by the victim's deffamation. He failed to produce copies of his statements by his Storage Company and server hosting Company demonstrating neccessity, and producing copies of his internet accounts which would show the prosecutions theory was neither neccessary or sufficient to explain the mass upload of hundreds of old photograps and hundreds of videos, and dozens of code repositories. The proximate cause was that if Barber did not find a place to put them they would be deleted, and the ToS of many non pornography sites prohibits pornography. Instead the trial Counsel raised a matter of mental illness that wasn't relevant, and was prejudicial because it opened the door to speculation of malicious intent and the prosecution to introduce character evidence from a divorce several years prior, to which the counsel didn't object to

PAGE 20

(f) Barber's counsel failed to utilize the defense he gave him previous to trial that the "reasonable person", and the "known or reasonably should have known", were impermissable negligence forms of mens rea. During trial Barber told counsel that the jury instructions were wrong, because of this faucet, and the jury instructions did not have the affirmative defenses in the statute. Barber's counsel failed to include the definitions of "consent" and "identifiable", which if defined would have exonerated him, because they were not "identifiable images of the victim" merely recognizable, and the defendant consented by the definitions supplied by the oregon Supreme Court in Mauri v. Smith even according to the facts on the face of the record, and to require that the acts occured in washington County

(g) Barber before trial informed his trial counsel that he wanted to raise that the victim has an admitted history of fabricating allegations and pretending to be a victim. Trial Counsel stated that he did not want to be seen as attacking the victim. This defense was one that he told the officer, namely that she had admitted to fabricating rape allegations against her ex bf, his best friend, her brother, a person she cheated on me with, and Barber, and had later told people Barber had committed fraud against her by paying for utilities that they jointly owed with their joint bank account, however trial attorney did not contest the allegations

introduced at trial that Barbe had raped the victim
(his wife); nor that he committed fraud against her.
he failed to authenticate an admission by her to her
ex bf on facebook that she pretends to be a victim
by supoenaing those records, nor even dispute whethe
she had admitted in the defense exhibit 101 that she
has fabricated allegations related to non consentual
sexual activity long afte the event had taken place.
eg. pretending to have been raped in ohio afte coming
back to oregon to explain why she thought to be pregnant.
which was the lie which the defendant demanded the
transperency and arbitration clause in the contract.

(h) Barbe asked trial counsel to investgate that the
victim had disseminated the images themselves,
and told him that I had been blackmailed with
them by her aquaintences, he stated that he would
not rely on conspiracy theories. Petitione asked
to supoena the records of the victim and those
associates, counsel said that oregon law prohibited
it, to which petitione described the stored
communications Act preempting state law. Petitione
also wanted counsel to preserve his Amazon Aws
server because he believed the FTP serve logs
could be used to demonstrate which Ip addresses
accessed the videos, and also where the petitione
had been located at the time defeating jurisdiction.
Counsel failed to preserve the Amazon Aws serve,
and failed to request it be preserved. Then the victim
at trial admitted to the conspiracy to blackmail

the petitioner with the images for the purpose of protecting her reputation, but that she had not consented to that specific use; despite consulting with an attorney who told her that she should use the statute ORS 163.472 to arrest the petitioner 1 year before the crime he alleged to violated occured; an subsequently she gave these anonymous individuals access to the images on an admittingly "hidden" FTP Server that she admitted she believed no person could find. Then images were placed by them on a forum post dedicated to disparaging the petitioner and one comment identifies itself as the victim; and the victims attorney threatens to have the petitioner arrested if he speaks about her on social media, reports her to the School academic board for plagarism done by petitioner, or reports her for violations of her restraining order. This

(i) line of investigation defeats her statements that there were an agreement not to share the images, and that she consented to the disclosure. Subsequent investigation by petitioner of those present on the "Google Hangout"; revealed that she had perjured herself in testimony, by contacting those who were listed in her google and twitter friends list, and also in a Google Hangout group that petitioner had been invited to by a leaker who warned petitioner of the attempt to destroy his life by means of using the images non specifically.

(i) Barbee asked Counsel before trial to investigate the defense that as an Intel Inc engineer his knowledge and experience was that screenshots by victim can be faked, and the evidence needed for attribution was an IP address connected with the petitioner, which if found would demonstrate that the County lacked jurisdiction. Counsel stated that this did not matter.

(j) The organization called "The Sixth Amendment Center" produced an audit describing Oregons public defender system as systemically unlawful, and the basis of this claim is the workload placed on the attorneys and the flat fee assigned per attorney, and this environment was a contributing factor to the Counsels deficient performance

(k) Trial Counsel failed to provide petitioner with documents from the prosecution, which indicate that the state officers had purjered the probable cause affadavit, and had failed to turn over emails from the search warrant, which would have proven both the lie and also the lack of jurisdiction by disclosing his IP addresses. Moreover he failed to confront the officers on the perjury and missing search warrant results, and failed to request or notice the absence of missing 911 calls from the petitioner and the victim, and the claim that special equipment was needed that he didnt have to record phone calls, and lies or ommissions in his report written 18 days later.

(L) Trial Counsel failed to file a MJOA on the basis that the victim had not alleged any actual injury, harassment, or humiliation that had occured due to the proximate cause of the disclosure. Taking time off of work and informing her supervisor had been a result of the litigation, and the victim had admitted that nobody she knew was contacted or had seen them, and that the defendant had not even told her about them. She found them allegedly (though verifiably perjurously) that her intuition led her to look for the videos in June of 2016, by googling her real name, (whereas petitioner alleged that she cyberstalks him online to the sherif deputy, it was found in March by her, as proved by DMCA claims).

(M) Trial Counsel failed to suppress unauthenticated screenshots provided by the victim of websites,

(n) and failed to ask for a MJOA on the basis that the evidence was insufficient to tie a username on the websites not supoena'd to the petitioner as evidence without a Ip address

(N) Trial counsel failed to ask for a MJOA on the basis that the images weren't "identifiable images of the person", that the disclosures served the public interest, that the images were originally made with a commercial purpose, and that since the victim admitted she had disseminated the images, there was no agreement, and a perjured DMCA claim 17 USC§512, was not sufficient notice she didn't consent.

Jaycob Patrick Holten

## Ground 10

Violation of due process because prosecutor's knew his acts did not fall within the statute.

### Facts Supporting

prosecutor admitted that the defendant and the victim had consentually made the images, and agreed to commercialize them on facebook. This is exempt pursuant to ORS 163.472(4)(f).

## Ground 11

lack of jurisdiction or venue of the trial court

### Facts Supporting

See Ground 5

## Ground 12

Perjury in the probable cause affadavit

### Facts supporting

a probable cause affadavit alleging the acts occured in washington County is required by law before an arrest, but no evidence was provided in discovery that they had this evidence

## Ground 13

The indictment was vague and insufficient

### Facts Supporting

See Ground 8

## Ground 14

The victim consented to the dissemination
(Article 1 § 10 of the US constitution)

### facts in Support

See Ground 10

## Ground 15

ORS 163.472 is facially unconstitutional

### Facts in Support

See Ground 1

## Ground 16

petitioner didn't take a knowing and intelligent plea

### Facts in Support

Defendant was not aware or told that he couldn't
be charged under the language of the Statute.

## Ground 17

Ineffective assistance of Counsel

### Facts in Support

(a) attorney was sent a Memorandum of law
stating ORS 163.472 is unconstitutional by Barke,
yet advised client that he should take a plea
(b) attorney was aware that the petitioner was
in an exception within the statute, yet had
advised him to take a plea.

PAGE 27.

(c) Conflict of interest, when she had become aware that her firm Melti poll Public Defenders had represented Barbe, and that he had sued making his allegations of ineffective assistance of Counsel by failure to follow his instructions; which would be proved true if she had filed a motion to demur based on the unconstitutionality of the statute

(d) attorney should have known that the probable cause affadavit was purjered and that the county lacked jurisdiction and venue of the cause.

(e) Systemic underfunding and overworking of attorneys

(Jay David Leatherwood)

## Ground 18

Lack of jurisdiction or venue of trial Court

### Facts Supporting

see ground 5

## Ground 19

Perjury in the probable Cause affadavit

### Facts Supporting

see ground 12

## Ground 20

The indictment was vague and insufficient

### Facts in Support

see ground 8

PAGE 28

## Ground 21
ORS 163.472 is facially unconstitutional

### facts in support
See ground 1

## Ground 22
Petitioner did not take a knowing and intelligent plea

### facts in Support
Trial Counsel told him that he relied on the
research of Barbes Counsel for the proposition
that ORS 163.472 was unconstitutional, and that
the Court had denied it, but he was not made
aware that Barbe had already disputed with
his attorney about his poor performance with the
demurrer, instead his counsel praised it as very
good, but he did not know it was flawed because
he had not done his own research into the topic.

## Ground 23
Ineffective assistance of Counsel

### facts in Support
(a) attorney did not perform independant investigation
into the Constitutionality of ORS 163.472, nor solicit
Barbe's insight into the performance of His attorney
who he relied upon, and instead relied on blind
faith in the work of Barbes Counsel

PAGE 29

(b) It is rumored that his trial counsel was later given leave of his firm for drug and alcohol abuse, and his other client Michael Forke reported that Ted Occialino appeared in court hungover or drunk, and had not even read or seen the motion that he supposedly had filed with the court, and had to have the prosecutor explain his own motion to him.

(c) Trial counsels in his firm are systemically over worked or under funded leading to lack of effort by attorneys.

(d) Trial counsel failed to object to the purgered probable cause affadavit and the lack of jurisdiction, and vague indictment

## Represetation by Counsel

Barber was represented by Camoron Taylor of Metropolitan Public Defenders at trial. He was represented by Jon Weiner, Tara Herivel, and by Noel Grefenson at PCR. He was represented on Habeas Corpus appeal by Jason Weber, and by Nyl Byl of Oregon Public Defender services on direct appeal.

J.

Holten was represented by Cassidy Rice of Metropolitan Public defenders at trial, by Morgan Daniels of OPDS on direct appeal, and by Jason Weber on habeas Corpus appeal

Leatherwood was represented by Ted Occialino of Metropolitan Public defenders at trial and by Jason Webe on Habeas

Date 11-26-2019          PAGE 30          Ben Barbe