FILED 4 MAY '20 11:04 USDC-ORP

In the US District Court for the District of Oregon

Benjamin Barber

vs

Pat Garrett, sheriff

| Case no      3:19-cv-01967-YY

| Response to march 27th Order

Hon Youlee Yim You ordered petitioner to show cause why the Habeas petition should not be dismissed. You cites Rose v. Lundy 455 US 509; Sherwood v. Tomkins 716 F.2d 632, 634, for the proposition that due to an active post conviction relief case, that the petitioner cannot recieve relief.

The essense of these principals are to be found in (1) Comity (2) that there is an adequate remedy at law (3) the anti injunction act / principals see Rose v. Lundy 455 US 509; Younger v. Harris 401 US 37; 28 USC §2254 (b)(2) (B) (ii)

(1)  Comity:
Comity does not apply because: The statute he is charged with is ORS 163.472 "unlawful dissemination of an intimate image" which is both flagrantly unconstitutional as a prior restraint of speech by the license of a hecklers veto, and it is a content and viewpoint based restriction of speech, and is completely preempted by the Copyright Act and an artfully plead Copyright claim, and was preceeded by a DMCA Claim 17USC §512, thus arising under federal

PAGE 1

(2) Adequate remedy at law
The petitioner has already exhausted his state remedies according to counsel Jason weber of O'conner/weber. Meanwhile the state post conviction case cited has been stuck at the pleading stage for 3 years, with a likely hood that the delay is caused to prevent him from being able to exhaust his remedies before his conviction expires. Furthermore given the supreme court decision in Ramos v. Louisiana this term the state of Oregon expects thousands of post conviction relief petitions, however is not processing them due to the Coronavirus. Further the state alleges that given the Oregon Supreme Court's decision in Palmer vs State 318 Or 352, 358 and ORS 138.550 (2) that the petitioner cannot raise any claim that the statute ORS 163.472 is unconstitutional or the court lacked jurisdiction, and only inneffective assistance of counsel.

(3) Anti Injunction Act
Moreover the Court is able to enjoin the state, to protect its exclusive subject matter jurisdiction 28 USC §1338, 1454, that is claims arising under the copyright (both the statute ORS 163.472 due to complete preemption, and the petition seeking construction of the copyright Act); And to prevent irreparable injury immediate and great to the first Amendment rights of the petitioners and others, given the first Amendment standing to assert their rights as well.

PAGE 2

# Memorandum of Law

The analysis should begin with the younger standard because there is an ongoing state PCR case, and if the petitioner was able to acquire an injunction of the criminal proceedings under younger, then Habeas Corpus would have not been necessary. This is reinforced by the fact that for example persons who apply for the writ on the basis of double jeapordy, do not have to exhaust state remedies according to the 9th circuit, which corresponds to the younger exception for multiple prosecutions 401 us at 48.

Younger involved an as applied 1st Amendment challenge to a statute, supposedly targeting people trying to violently overthrow the government through conspiracy, but used as applied to Communists, and alleged a "chilling" effect on potentially future speech, using an overbreadth challenge to the statute.

Younger posited that where a state has a compelling interest to enforce it's laws, the federal Courts should only enjoin them when there is bad faith, harassment, multiple prosecutions 401 us at 48 or when a statute is flagrantly unconstitutional 401 us at 53. A statute whose preemption is readily apparent, is not subject to abstention, because the state courts have no compelling interest in enforcing them Cartrell Construction v. Aubry 940 F.2d 437, 441 Bud Antle v. Barbosa 45 F.2d 1261, 1273      PAGE 3

see Anderson v. Nemetz 474 F.2d 814. Or where injury
both great and immediate exists, yanger 401 US at 43
ORS 163.472 is content based "intimate..."

ORS 163.472 is flagrantly unconstitutional because:
(a) It is a content and viewpoint based restriction
of speech See Sorrell v. IMS Health Inc 564 US 22, 571
(b) It is a prior restraint of speech on the basis of
a license in the form of a "Hecklers veto", see eg Hill v.
Colorado 530 US 703, 714 n.43; FW/PBS Inc v. Dallas
493 US 215, 246; Forsyth County v. Nationalist Movement
505 US 123, 131; New York Times Co v. United States 413 US 713-4
(c) The statute is an artfully plead copyright claim,
was proceeded by a frivilous DMCA copyright claim,
and is completely preempted by the Copyright Act
17 USC §301(a)) 201(e); 28 USC §1338(a), 1454 see
Rociszewski v. Arete Associates Inc 1 F.3d 225, 232-233
; Voltage Pictures LLC v. Doe No 1 Civ 14CV 00812-MC
at 2-3 (USDC D.Or.); JustMed v. Byce 600 F.3d 1118, 1124

The Damage from a prior restraint is "extraordinarily
grave", regardless of the duration see CBS v. US.
Dist Ct for CD of Cal 729 F.2d 1174, 1177, and this applies
both to the statute and the Court order to destroy all
of the images, and not use the internet at all, and not
to view or possess any pornography. Additionally,
it infringes on the free speech rights of third parties
like the Copyright licensees eg pornhub, and persons
prosecuted like Jaycob Holten and Jay leatherwood.

who were included in the original Complaint; and those who dare not speak for fear of criminal enforcement. Petitioner is entitled to raise those third party rights see Broadrick v. Oklahoma 413 US 601, 612; Secretary of State of Maryland v. Joseph H. Munson Co 467 US 947, 956-958 including seeking class action Habeas Corpus relief Ali v. Ashcroft 346 F.3d 873, 886-891; Rodriguez v. Hayes 591 F.3d 1105, 1117

The prosecution has acted with bad faith, because the Deputy District Attorney counseled the arresting officer to suborn perjury in claiming the events took place in Washington County in a probable cause affadavit when it's clear that it did not

Moreover, the prosecution knew that to successfully prosecute, she would have to argue on demurrer that the statute was narrowed to circumstances, that do not apply to petitioner, in arguing demurrer, eg:

Barber and Holten were both prosecuted of the statute which exempts images originally made with commercial purpose with consent of the person, and that was admitted by the prosecution.

The "identifiable image" requirement does not apply to images that depict a person, and does not identify the person in the pictures.

PAGE 5

and the images are only listed as "Albino Porn".

The statute does not apply to public figures, and the DA submitted evidence that the petitioner was identified in The Oregonian website as a public figure in state politics

That the statute does not apply to people who willingly share the images with internet strangers, and the victim admitted that she and petitioner had to seek threesomes 48 hours after they were made; and also that she shared them with others to blackmail the petitioner to stop talking about her transgressions.

When the Deputy District Attorney realized that she was legally liable, she asked the Court to order the petitioner to destroy all information on his computer and internet accounts, and stated that she didn't want the petitioner to have anything that he could use to sue her or the victim with in Court.

## Adequate Remedy at Law
The Courts reliance on Sherwood v. Tomkins is misconstrued, the petitioner has already petitioned the states highest Court multiple times see Sweet v. Cupp F.2d 233 236 for the "futility doctrine"; and this PCR case has been stuck at the pleading stage for years see Phillips v. Vasquez 56 F.3d 1030, 1035

PAGE 6

(citing Coe v. Thurman 922 F.2d 528) see also cf Barker v. Wingo 407 US 514 (balancing test)

Barbe filed for Post Conviction in 2017, his attorney Jon Weiner asked to withdraw for a conflict of interest, and state subsequently filed a motion to dismiss. Case no 17CV44670 Washington County

In Feb 2018 the Court dismissed the petition as meritless, and the petitioners filed a notice of appeal, because he was not present and not represented by Conflict free Counsel.

Barbe filed a subsequent post conviction relief petition in Case no 18CV14984 in April 2018, which was dismissed as meritless, and not appealable.

Barbe filed a writ of Habeas Corpus alleging the Conviction is unconstitutional, one with Holten and one with Leatherwood as Co plaintiffs, later Combined on appeal A168163, S066037

The Court of appeals refused to accept jurisdiction for 17CV44670, stating that as a meritless petition it lacks jurisdiction, and petitioner should file a second petition since it was without prejudice because he wasn't present and represented by Conflict free Counsel, how

PAGE 7

apellate Counsel and the State agreed to set aside
Case no 17CV44670 judgement, Considering the
second petition was also dismissed.

Barber also filed 3 original writs of Habeas Corpus
with the Oregon Supreme Court alleging his
Conviction is unconstitutional, along with Jaycob
Holten and Jay Leatherwood that are all denied.

In September Barber submitted an amended
petition, and in Nov 2018 the Court sua sponte
appointed Tara Herival as PCR Counsel. Barber
did not speak to Herival even once about the
Case and Herival asked to withdraw in June 2019.

In June 2019 Barber filed an Amended petition
and he filed a motion for Summary judgement
in Sept 2019. In Sept 2019 petitioner asked for
Counsel to only provide him with the documents
he sent by email to Tara Herivel, to respond
to States motion to dismiss for failure to attach
evidence to the petition, and only for that reason.

States motion to dismiss the entire petition
including claim ORS 163.472 is unconstitutional
for failing to attach evidence is frivolous, because
it is a matter of law and not fact.

PAGE 8

In Nov 2019 Barbe filed a Motion to Instruct or Replace Counsel, limiting him to printing his evidence, the Court orders that the entire process to start over from the begining, and enforces him to have Counsel.

In March 2020 Counsel files amended petition Focusing on the facial invalidity of the statute, abandoning claims of the statute not applying as written to the petitioner, claiming ineffective Counsel for failing to demur correctly. Abandoning trial court error or prosecutorial misconduct claims or inadequate trial Court performance by attorney

In March 2020 Barbe files Church v Gladden alternatively motion to instruct Counsel to raise all of his claims and not abandon them.

In April 2020 District Attorney claims under Palmer us state, ORS 138.550(2) unconstitutional statute claims are procedurally defaulted, counsel claims they are not, and states he will not raise any other of the petitioners claims for relief

In April 2020 the Court delays the hearing by telephone for 60t more days until 6/26/2020 citing Coronavirus the petitioners release and finished sentence was issed by the same judge as 10/19/2020 for (5) misdemenors. all served Consecutively

The Court violated the Oregon Supreme Court Coronavirus guidelines for essential hearings order No 20-006 Amended 3/27/20 § 3; 6; 14

This same judge Hon Butterfield heard and refused to rule on the trial Court demurrer, and has been described by presiding judge Hon Bailey as "Lazy and vindictive" according to the Oregonian.

Current estimates are that Coronavirus will be a Continuously active virus, due to the lack of immunity to reinfection and widespread Contaigon with resiviurs in a symptomatic humans and pets.

Hon Butterfield already denied the challenge to the Courts jurisdiction on the basis the statute in unconstitutional at the Probation violation hearing on 3/24/2020 on Appeal A

Thus it seems futile to raise the same arguments again, and by denying petitioner the right to rep represent himself for 3 years, and deny him the opportunity to pass the pleading stage, the issue will be mooted. It is extremely likely that due to the US Supreme Court case Ramos v. Louisiana there will be thousands of PCR cases according to Oregon, likely to cause yet more delay.

Petitioners belief is that this delay is intended to financially shield the County and the victim from suit by mooting the controversy, as the District Attorney has explicitly asked the Court to sieze and destroy evidence to thwart an ongoing federal lawsuit, which was granted.

Additionally the original state complaint is completely preempted, and thus is automatically converted to a federal claim arising under federal law, and in the exclusive subject matter jurisdiction of the federal court.

Likewise, even the PCR claims are supposed to be in the exclusive subject matter jurisdiction of the federal Court See 28 USC §1338, 1454.

Every time congress has considered it, they have stated they do not want states considering intellectual property claims, and have waived states immunity to suit see 17 USC §511, stating that states and officials may be sued the same as any ordinary person, and there is no immunity.

Every party, the state, the victim, and the petitioner all have stated this statute is an intellectual party claim in trial court, & thus this court can control its exclusive subject matter jurisdiction.

Date 4/27/20              PAGE 11          Ben Barber

IN THE COURT OF APPEALS OF THE STATE OF OREGON

| | |
|---|---|
| STATE OF OREGON,<br><br>        Plaintiff-Respondent,<br><br>            v.<br><br>BENJAMIN JAY BARBER,<br><br>        Defendant-Appellant. | Washington County Circuit Court<br>Case No. 16CR46339 |

## NOTICE OF APPEAL
## PURSUANT TO ORS 138.085

1.

Defendant hereby gives notice of appeal from the judgment entered in this case on March 27, 2020, by Judge Eric Butterfield in the Washington County Circuit Court.

2.

The parties to this appeal are the State of Oregon (Respondent) and Benjamin Jay Barber (Appellant).

3.

The names, bar numbers, addresses, and telephone numbers of the attorneys for the parties are as follows:

Attorney for Appellant:
    Eric Johansen OSB #822919
    Office of Public Defense Services
    1175 Court Street NE
    Salem, OR 97301-4030
    Eric.Johansen@opds.state.or.us
    (503) 378-3349

Attorney for Respondent:
    Benjamin Gutman #160599
    Solicitor General
    1162 Court Street NE
    Salem, OR 97301-4096
    benjamin.gutman@doj.state.or.us
    (503) 378-4402

4.

This case involves a probation violation hearing. Pursuant to ORS 138.085, the colorable claim of error is as follows: The trial court erred in revoking defendant's probation after a contested violation hearing.

Page 1 of 3 – NOTICE OF APPEAL

5.

Appellant designates the record in its entirety (excluding voir dire), including the trial court file, all exhibits offered and/or received into evidence, and the entire record of the oral proceedings listed below:

1. The probation violation arraignment, hearings, appearances, and sentencing proceedings held on or about February 24, 2020, March 2, 6, 12, and 24, 2020.
2. The hearings held on or about August 9, 2016, and September 28, 2016. (Previously transcribed in A163786)
3. The jury trial proceedings beginning on or about November 9-10, 2016. (Previously transcribed in A163786)
4. The sentencing proceedings held on or about December 1, 2016.  (Previously transcribed in A163786)
5. The probation violation hearings and sentencing proceedings held on or about June 21 and 27, 2017, and July 18, 2017. (Previously transcribed in A170899)
6. The probation violation hearings held on or about March 11 and 18, 2019, and April 1, 2019. (Previously transcribed in A170899)
7. The sentencing proceedings held on or about April 4, 2019. (Previously transcribed in A170899)

6.

The record may include one or more audio or video recordings that were played in the trial court, and the record on appeal should include a transcription of those recordings. Oregon Rules of Appellate Procedure, Rule 3.33(4)(b). The dates of each hearing at which such a recording was played are presently unknown.

7.

I hereby certify that I served the foregoing Notice of Appeal on April 23, 2020, by having a true copy delivered to Benjamin Gutman #160599, Solicitor General, 1162 Court Street NE, Salem, OR 97301-4096, and by mailing a true copy to each of the following:

Trial Court Administrator
Washington County Courthouse
150 N First Avenue
Hillsboro, OR 97124

Washington County District Attorney
150 N First Avenue
Hillsboro, OR 97124

Transcript Coordinator
Washington County Courthouse
150 N First Avenue
Hillsboro, OR 97124

Alesia Davies
Attorney at Law
165 SE 26th Ave
Hillsboro, OR 97123

Office of Public Defense Services • Appellate Division
1175 Court St. NE • Salem, Oregon 97301-4030
Telephone: (503) 378-3349 • Fax: (503) 378-2163

8.

I certify that on April 23, 2020, I electronically filed the original of this notice of appeal with the Appellate Court Administrator.

DATED April 23, 2020.

Respectfully submitted,

ERNEST G. LANNET
CHIEF DEFENDER
CRIMINAL APPELLATE SECTION
OFFICE OF PUBLIC DEFENSE SERVICES

**Signed**
By Eric Johansen at 9:29 am, Apr 23, 2020

ERIC JOHANSEN OSB #822919
SENIOR DEPUTY PUBLIC DEFENDER
Eric.Johansen@opds.state.or.us

Attorneys for Defendant-Appellant
Benjamin Jay Barber

Office of Public Defense Services • Appellate Division
1175 Court St. NE • Salem, Oregon 97301-4030
Telephone: (503) 378-3349 • Fax: (503) 378-2163

16CR46339
PPJG
Judgment – Proposed
12802585

# IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR WASHINGTON COUNTY

STATE OF OREGON,

                  Plaintiff,

vs.

Benjamin Jay Barber
                  Defendant

AKA:

**PROBATION:**
☒ JUDGMENT    ☐ ORDER
☒ AMENDED    ☐ MODIFICATION WITHOUT HEARING

Case No: 16CR46339
Date of Proceeding: 3-24-2020   FTR Courtroom: 202c
Interpreter: _____
Grid Score: _____

Defense Attorney A. Davies - Legal Adviser   District Attorney *Musial*   PO *Bloom*

Attorney ☐ Non-Court Appointed ☐ Court Appointed (Determined Def To Be Indigent) ☐ Knowingly Waived ☒ In Custody ☐ Out of Custody
☒ ARRAIGNED ☒ RIGHTS GIVEN ☐ Waived

Court finds: ☐ Defendant **Admits** Violation ☒ Defendant **Denies** Violation ☒ Defendant **Found** in Violation ☐ Probation **Not** Violated

ORIGINAL CONVICTION OFFENSE(S): ⑤ Unlawful Dissemination Intimate Image

## THE COURT ORDERS AND ADJUDGES:

☐ Reset Hearing: ☐ Defendant waives 14 day speedy hearing rights or ☐ Good cause shown ☐ Next hearing: _____
☐ Defendant failed to appear for hearing. **Release is revoked, Bench Warrant Ordered, Security $** _____
    ☐ Security forfeited, judgment to be entered    ☐ Security not forfeited at this time
☐ Proceedings are dismissed ☐ Probation is terminated: ☐ As unsuccessful ☐ As successful ☐ Probation is converted to Supervised/Bench Probation
☐ Probation is continued· ☐ As originally ordered ☐ Extended
☐ With additional/modified conditions listed below
☐ Other Conditions

☐ **CONFINEMENT AS CONDITION OF PROBATION** to Washington County Supervisory Authority: ☐ Sheriff ☐ Sheriff and WCCCP
☒ **PROBATION HAVING BEEN REVOKED,** court having found the defendant not benefitting/purposes not served it is further ORDERED that defendant is confined to: ☒ Washington County Supervisory Authority ☒ Sheriff ☐ Sheriff and WCCCP ☐ Oregon Dept of Corrections

on: Ct 5 for 1 year _____ consecutive/concurrent to _____ ☐ PPS for _____ yrs
   Ct ____ for _____ consecutive/concurrent to _____ ☐ PPS for _____ yrs
   Ct ____ for _____ consecutive/concurrent to _____ ☐ PPS for _____ yrs

☐ **TURN SELF IN:** Date/Time: _____, (failure to turn self in will result in ☐ Double time ☐ No programs)
    ☐ **Report to:** ☐ Washington County Jail ☐ WCCCC (Wash Cty Comm Corr Ctr)

☐ **RELEASE** on Count(s)/Case: _____

**ELIGIBILITY FOR CERTAIN TYPES OF LEAVE, RELEASE OR PROGRAMS:**
The defendant may / **may not** be considered by the supervising authority for any form of reduction in sentence, temporary leave from custody, work release, or program of conditional or supervised authorized by law for which the Defendant is otherwise eligible at the time of sentencing
    ☐ Except : _____

    ☐ Electronic Home Detention
    ☐ Good Behavior Credit (ORS 169 110)(Good Time)
    ☐ Work credit (ORS 169 120)(Earned Time)
    ☐ Release to approved in-patient treatment per supervising officer
    ☐ Remainder of sentence commuted after successful completion of treatment
    ☐ Other _____

**CREDIT FOR TIME SERVED**
☐ Credit for time served
☐ No Credit for time served

☐ The Defendant **may / may not** be considered for release on post-prison supervision under ORS 421 508(4) upon successful completion of an alternative incarceration program

*Award Creditor* STATE OF OREGON    **MONEY AWARD**    *Award Debtor* DEFENDANT

All court ordered fines and fees, excluding cases in which compensatory fines or restitution have been ordered, are due in full within 30 days unless a payment plan is established with the clerk of the court. If compensatory fines or restitution are ordered, all financial obligations in the case must be paid in full 60 days prior to the expiration of probation, unless otherwise ordered. Payment plans include previously ordered amounts. The laws allow fees to recover administrative and collection costs to be automatically added and collected without further notice to you or action by the court, when the court has establish a payment account, refer a matter for collection, or send DMV a suspension notice.

ATTY FEES $_____   PBAS $_____   BEAS $_____    _____ hours of community service are converted to a $_____ fine

Minimum Monthly Payments: $_____ Begin _____   ☐ Money to DOR or other outside collection agency

DATE: 3-24-2020       JUDGE: _____

Probation Judgment                  Original: Court File    Yellow: District Atty    Goldenrod: Jail/Def
(Rev 06/18)

# NOEL GREFENSON P.C.
## Attorneys at Law

NGrefenson@aol.com
KobinPatterson@GrefensonPC.com
VirginiaNorblad@GrefensonPC.com

1415 Liberty St. S.E.
Salem, Oregon 97302

Phone: 503-371-1700
Fax:    503-375-4214

March 31, 2020

Benjamin Barber – Booking No. 2002502
Washington County Jail
215 SW Adams Ave
Hillsboro, Oregon 97123

RE:   *Benjamin Barber vs. Pat Garrett*
      Washington County Case No. 17CV44670

Dear Mr. Barber,

Enclosed please find the Response to State's Motion to Dismiss Meritless Petition.

Hearing is currently set for April 24, 2020 @ 8:59am. Given the current situation the court/state is in due to COVID-19, I would anticipate this hearing to be set over. I will keep you informed via mail correspondence only as I am working out of the office at this time.

Most sincerely,

Virginia Norblad
Office Manager
Noel Grefenson, PC
OPC, Inc.

*Enclosed: Responce*

# NOEL GREFENSON P.C.

## Attorneys at Law

NGrefenson@aol.com
KobinPatterson@GrefensonPC.com
VirginiaNorblad@GrefensonPC.com

1415 Liberty St. S.E.
Salem, Oregon 97302

Phone: 503-371-1700
Fax:    503-375-4214

March 31 2020

Benjamin Barber - Booking No. 2002502
Washington County Jail
215 SW Adams Ave
Hillsboro, Oregon 97123

RE:    *Benjamin Barber vs. Pat Garrett*
       Washington County Case No. 17CV44671

Dear Mr. Barber,

Due to COVID-19 concerns and the Governor's Order to Shelter in Place or quarantine, I am now working from home and therefore no one is at the office to answer the phone. If you have any questions please write me a letter, and I will get back to you as soon as possible.

The Chief Justice has also ordered only 'essential' court hearings to be held during this global crisis. Post-Conviction is not considered 'essential' and therefore all PCR and Habeas trials are being set over to a future date.  I will do my best to keep you up to date on any changes to your case.

Please know we are continuing to work diligently on all our cases. We truly appreciate your patience during these difficult times.

In the meantime, please feel free to contact the office if you have any questions.

Most sincerely,

Virginia Norblad
Office Manager
Noel Grefenson, PC
OPC, Inc.

*Enclosed:*

In the Circuit Court of oregon for washington County

| | |
|---|---|
| Benjamin Barber | Case No 18CV14984 |
| Jay Leatherwood | |
| vs | Petition for Post Conviction |
| Pat Garrett | Relief ORS 138.510 |

Comes now the above named petitioners, and they petition this Court for Post Conviction relief pursuant to ORS 138.510-138.680 and alleges

**1**

Petitioners are imprisoned in the washington co County Jail, 215 sw adams, Hillsboro, OR 97[1]2 and are unlawfully Confined and restrained at liberty by the above named defendant.

**2**

Petitioner's imprisonment is by virtue of a judgement and sentence imposed by the washington County circuit Court in the Cases as follows

(i) The State of oregon vs Benjamin Jay Barbe Case no 16CR46339 on november 9th 2016

(ii) The State of oregon vs Jay David Leatherwood Case no 16CR 50631 on October 26th 2016

The sentensing judges were:

(i) Judge Roberts

(ii) Judge Erwin

who sentenced the petitioners to a period of

(i) 3 years

(ii) 6 months



11/30/2016

Appendix Page 49
Electronic Copyright Office (eCO)

## << Back

**Case Summary :**

| | | |
|---|---|---|
| Case #: 1-4108648971 | Type of Case: Work of the Visual Arts | Opened: 10/25/2016 |
| Title: albino porn | Contact Name: benjamin barber | |
| Fee Due: $55.00 | Service Fee Paid: $5.00 | Claim Status: Pending |

**Submit Your Work(s)**

To complete your submission, please submit the required copy(ies) of your work. You may (1) upload electronic files if the work meets the requirements; otherwise, you must (2) send the work by mail (do not do both).

(1) Upload your work(s): Please perform the following steps for the case(s) in the table below.
Step 1: Click the "Select files to upload" button. Using your computer's browser, select your files for the corresponding work, then click the "Start upload" button.
Step 2: After uploading all files for this work, click the corresponding "Complete Your Submission" button. Files cannot be uploaded later than 5 days after your first file is received.

Please note: Files cannot be returned or deleted once uploaded. To avoid delays and/or a later effective date of registration, please verify the following before uploading a copy of your work(s):

- It is a category of work that may be uploaded
- It is an acceptable file type
- It is an acceptable file size

**Upload Your Work(s)**

1 - 1 of 1

| Case Details | Step 1: Select & Upload Files | Step 2: Complete Your Submission |
|---|---|---|
| Case #: 1-4108648971<br>Title: albino porn<br>Volume:<br>Number:<br>Issue Date:<br>Type of Work: Work of the Visual Arts | | Claim submission complete; no further action required |

**Updates**

1 - 1 of 1

| Comments | Activity Type | Status | Created |
|---|---|---|---|
| Submitted by BARBERB on 10/25/2016 | Upload Deposit | Received | 10/25/2016 10:50:02 AM |

(2) Send Your Work(s) by Mail

Click the "Create Shipping Slip" button in the table below; a Shipping Slip link will appear in the Attachments column.

Click the Shipping Slip link and print out and attach the shipping slip(s) to your deposit copy(ies). For multiple cases, be sure to attach shipping slips to the corresponding copies.

Mail the deposit copy(ies) within 30 days to the Copyright Office address at the bottom of the slip. Note: Your effective date of registration will be based on the date on which we receive the copies with corresponding shipping slips attached.

Click "Home" after uploading files(s) or printing shipping slip(s). You may verify the submission in the open Cases table on your eCO Home page.

**Send Your Work(s) by Mail**

## Create Shipping Slip

No Records

| Attachment Name | File Type | Size | Date and Time | Comments |
|---|---|---|---|---|

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

Verified Correct Copy of Original 9/24/2019

Appendix page 51

Verified Correct Copy of Original 9/24/2019

Pro-se # 199
Page 2 of 2  CONG5YCR

**A10** SUNDAY, MAY 5, 2019   THE OREGONIAN

### WASHINGTON COUNTY COURTS

# Insulting email illustrates infighting among judges on circuit court

**Aimee Green** *The Oregonian/OregonLive*

Controversial Judge Charles Bailey sent a blistering email lambasting a colleague that touched off what sources described as a courthouse investigation before he stepped down as Washington County Circuit Court's presiding judge.

Bailey criticized the character of Judge Eric Butterfield and copied the email to the 13 other Washington County judges.

A day earlier, Butterfield had put his name in the running to become the next presiding judge — an administrative leader whose duties include assigning cases to other judges.

In his email, Bailey implied that Butterfield was vindictive, lazy and shirked his workload in favor of riding his motorcycle. Bailey said he planned to tell the chief justice "why you would be an absolute disaster" as a presiding judge.

The Oregon Judicial Department released the email Friday after a public records request by The Oregonian/OregonLive. The email illustrates what players in the justice system say is yearslong infighting and disagreement among members of the Washington County bench.

The email also depicts what many lawyers who have practiced in Bailey's courtroom say is his abrasive style.

Two sources with knowledge of the inquiry told The Oregonian/OregonLive that Bailey's email led at least one judge and possibly others to contact Oregon Supreme Court Chief Justice Martha Lee Walters with concerns about Bailey. They said Walters in turn launched an investigation into Bailey. One source said every judge in the courthouse was questioned.

Bailey announced a week ago that he would resign as presiding judge, even though his term wasn't supposed to end for another eight months. His resignation from the leadership position becomes effective May 10. Bailey will remain a judge for the court and continue to hear cases.

In the email, sent in December, Bailey wrote he doubted

Butterfield would be selected as his successor.

"Even if you got it you wouldn't last more than a month before you would quit or make life difficult for everyone around you like you have done many times in the past," Bailey wrote.

Butterfield declined to comment on the email.

What led Bailey to write the email isn't clear but he appeared to reference history with Butterfield.

"You can't start something and quit it after a short period because it is too hard or too much work," Bailey wrote. "... You can't tell another judge to 'F' off. ... You can't get to work just before your docket begins."

Bailey wouldn't comment publicly about why he's resigning from his presiding judge position, but the Judicial Department released his resignation letter Friday in response to the public records request. Bailey wrote in that letter that he believed the chief justice and other judges were discontent with him.

"Although my time as the Presiding Judge in Washington County has been, for the most part, satisfying and productive during the last four plus years, over the last few months I have become unsatisfied with the work situation," Bailey wrote.

"More importantly, I believe you and a few judges in Washington County are also not satisfied and have lost confidence in my ability to run the Washington County Court," he continued.

Bailey also implied that he felt closely watched by Walters, who appoints presiding judges in her role as chief justice.

"(Y)ou deserve to have a Presiding Judge that you have faith in and not feel the need to micro-manage," Bailey wrote to her.

*agreen@oregonian.com*



Special Offers

Appendix page 51

CERTIFICATE OF COMPLIANCE WITH ORAP 5.05

Section A - Brief length
I certify that this brief complies with the word-count limitation in ORAP 5.05, which word-count is 339 words.

Section A - Type size
I certify that the size of the type in this brief is not smaller than 14 point for both the text of the brief and footnotes.

Section B - Brief length
I certify that (1) I do not have the ability to provide a word-count as the brief was prepared *pro se*.

Section B - Type size
I certify that the size of the type in this brief could not be determined as the brief was prepared *pro se*.

NOTICE OF FILING AND PROOF OF SERVICE

I certify that I directed the original Appellant's Opening Brief to be filed with the Appellate Court Administrator, Appellate Courts Records Section, 1163 State Street, Salem, Oregon 97301, on March 9, 2020.

I further certify that, upon receipt of the confirmation email stating that the document has been accepted by the eFiling system, this Appellant's Opening Brief will be eServed pursuant to ORAP 16.45 (regarding electronic service on registered eFilers) on Benjamin Gutman #160599, Solicitor General, attorney for Plaintiff-Respondent.

Respectfully submitted,

ERNEST G. LANNET
CHIEF DEFENDER
CRIMINAL APPELLATE SECTION
OFFICE OF PUBLIC DEFENSE SERVICES

*Signed*
By Neil F. Byl at 1:38 pm, Mar 09, 2020

NEIL F. BYL OSB #071005
DEPUTY PUBLIC DEFENDER
Neil.f.byl@opds.state.or.us
Attorneys for Defendant-Appellant
Benjamin Jay Barber

Chief Justice (Martha L. Walters) Or Supreme Court
Order No. 20-006 (Amended)  3-27-20 (Original 3-16-20)
- Amended Order Imposing level 3 Restrictions on
Court Operations -

2. Trials
a. In-Custody Defendants, Rights to Speedy Trial
(1) This paragraph applies to trials for defendants
   who are in custody on one or more criminal
   charges that provide them with a statutory or
   constitutional right to a speedy trial, where
   such rights have not been voluntarily waived,
   including defendants who have opted for
   bench trials.

(2) A Presiding Judge may schedule such a trial
   to begin before June 1, 2020.

(3) Absent a party's motion to postpone such a trial,
   the Presiding Judge shall consider whether to
   postpone each such trial scheduled to begin
   before June 1, 2020. The Presiding Judge shall
   not postpone such trials, unless that judge
   determines that postponement will not violate
   a statutory or Constitutional right.

(4) Each defendant whose case is being rescheduled
   shall have a right to an expedited hearing to
   address release issues, including but not

limited to supervised release and security
release reduction.

3. Essential Proceedings

a. Category 1 essential proceedings - generally, conducted
in person.

(1) The proceedings described in subparagraph 3.a(2)
shall be held on the date scheduled, unless
postponed on motion of a party or by the
presiding Judge. Such proceedings may be
scheduled to begin on a date before June 1, 2020.
In such proceedings, parties are expected to
appear in person unless the presiding judge
orders that either the category of proceeding
or the particular proceeding be conducted by
remote means.

(2) The following are category 1 essential proceedings

(A) The following criminal proceedings: arraignments,
probation violation hearings, plea hearings, sentencing
hearings, aid and assist hearings, and any other
hearing that will directly lead to the release
of a defendant or the resolution of a case.

b. Category 2 essential proceedings - generally conducted, in-person.

(A) In Criminal proceedings:

(i) Case management and docket hearings; and

6. Motions

a. Unless a party has a constitutional or statutory right to have a motion heard in-person, a motion shall be heard by remote means.

b. The provision of the Uniform Trial Court Rules that requires parties to request that certain motions be by telecommunication are waived:

(i) Certain motions in criminal cases under UTCR 4.050(2)

c. Presiding Judge may grant a motion to appear in person upon a showing of a need to proceed, imminent harm, or other good cause.

14. Public Safety and Community

c. Courts should explore alternatives to current

arrest and detention policies, including the use
of cite-in-lieu off arrest when appropriate, to
keep Jail populations at a minimum.